IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| M'Lissa Foreman | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| LAW OFFICE OF CURTIS O. BARNES, P.C. | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, M'Lissa Foreman, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Mrs. Foreman is a natural persons residing in Polk County, Iowa.

4. Defendant, Law Offices of Curtis O. Barnes, P.C. (hereinafter "Curtis Barnes") is a Business engaged in the collection of debts in the state of Iowa with its principal place of business located in Anaheim, California.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Curtis Barnes was attempting to collect an alleged credit card debt from Mrs. Foreman.

7. On February 5, 2008, Mrs. Foreman received two phone calls. One was from her mother-in-law and the other was from her sister. Both of Mrs. Foreman's relatives told her a law firm was trying to contact her for "pending legal action." The information had been provided to Foreman's relatives by Curtis Barnes.

8. Mrs. Foreman returned the calls to Defendant Curtis Barnes, and she spoke with a debt collector calling herself Ms. Calabretta. Mrs. Foreman tried to negotiate the amount of the alleged debt, but the Defendant Barnes refused her suggested payment plan. The Defendant also stated it was charging 32 percent interest.

9. The debt collector then told Ms. Foreman that litigation would be filed against her on February 15th, 2008 if she could not obtain the money. The debt collector threatened that the Defendant could put a lien on her home. In addition, someone from the sheriff's office would visit her home twice a month to collect 100 percent of her income. The Defendant also threatened to garnish Ms. Foreman's bank accounts. Ms. Foreman told the debt collector she needed time to speak with her family.

10. Ms. Foreman spoke with the debt collector on February 6th. The debt collector reiterated the threats.

11. Ms. Foreman has not been sued for the alleged debt contrary to the Defendant's threats. Defendant had no intention of filing suit on or before the deadline, nor did Defendant have any intention of filing a lawsuit at all.

## V. FIRST CLAIM OF RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(b) by communicated with a third party regarding the alleged debt without prior consent from the consumer.

   b. Defendant violated 15 U.S.C. § 1692e(4) by threatening imminent lawsuits, liens, and/or garnishment when the debt collector did not intend to take such action and/or could not legally take such action.

14. As a result of the above violations of the FDCPA, the Defendant is liable to Ms. Foreman for declaratory judgment that Defendant's conduct violated the FDCPA, and Ms. Foreman's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

15. All facts and allegations of this Complaint are incorporated herein by reference.

16. For purposes of Ms. Foreman's alleged obligation to Defendant, Defendant was a "creditor" as defined in Iowa Code § 537.7102(2).

17. Ms. Foreman's alleged obligations to Defendant were "debts" as defined by Iowa Code § 537.7102(3).

18. With regard to attempts to collect from Ms. Foreman as alleged herein, Defendant was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

18. Defendant violated the State Act. The foregoing acts, omissions and practices of Defendant were violations of Iowa Code § 537.7103, including but not limited to:

   a. Taking actions and/or threatening to take actions prohibited by law in violation of Iowa Code § 537.7103(1)(e) and (f), including threatening lawsuits, liens, and garnishments for nonpayment of a debt when Defendant did not intend to take these actions and/or could not legally take such actions.

   b. Contacting third parties regarding the alleged debt in violation of Iowa Code § 537.7103(3)(a).

19. As a proximate result of the unfair debt collection, Ms. Steward has suffered actual damages and injury including, but by no means limited to, mental anguish and suffering, emotional distress, humiliation, and embarrassment, for which she should be compensated in an amount to be proven at trial.

**WHEREFORE**, Ms. Foreman respectfully requests that judgment be entered against the Defendant for the following:

   A. Actual damages;

   B. Statutory damages;

   C. Costs and reasonable attorney's fees; and

   D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON
Johnson Law Firm

4

950 Office Park Road
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax:  (515) 222-2656
Johnsonlaw29@aol.com